Filed 1/26/15  P. v. Ramirez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041029 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS140186) |
| v. | |
| JUSTIN RAMIREZ, | |
| Defendant and Appellant. | |

Defendant Justin Ramirez was on misdemeanor probation in December 2013 when he punched the mother of his children in the head and pushed her to the ground.  After he was arrested in January 2014 in the victim's van, a methamphetamine pipe was found on the floor of the van near where defendant had been sitting.

Defendant was charged by information with felony infliction of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)) and misdemeanor possession of controlled substance paraphernalia (former Health & Saf. Code, § 11364.1, subd. (a)), and it was further alleged that he had served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b)).  Defendant pleaded no contest to the felony count in exchange for felony probation and dismissal of the other count and the prison prior.  He also admitted that he had violated his probation in the prior misdemeanor case.

The court revoked probation in the prior misdemeanor case, imposed a sentence of 180 days, and granted defendant credit for 120 actual days and 60 days of conduct credit. The court suspended imposition of sentence in the felony case, placed defendant on formal probation for three years, and ordered him to serve 180 days in jail consecutive to his sentence in the prior misdemeanor case. The court stated that it was imposing a consecutive term "based on your three prior violence convictions." Defendant was granted 52 days of custody credit (26 actual days and 26 days of conduct credit) against his jail term in the felony case. Defendant's trial counsel asked the court to award dual credits for the prior misdemeanor case and the felony case, but the court declined to do so. Defendant timely filed a notice of appeal from the order of probation.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The order of probation is affirmed.

Mihara, J.


WE CONCUR:

Bamattre-Manoukian, Acting P. J.

Márquez, J.